FILED

April 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0588

DA 15-0588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 83N

JAMES WELSCOTT,

      Plaintiff and Appellant,

  v.

ALLSTATE FIRE AND CASUALTY INSURANCE CO.,

      Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighteenth Judicial District, In and For the County of Gallatin, Cause No. DV 13-180A Honorable Holly Brown, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          James Welscott (Self-Represented), Greenbush, Michigan

      For Appellee:

          Stephanie Oblander, Smith Oblander, PC, Great Falls, Montana

Submitted on Briefs: March 9, 2016

Decided: April 5, 2016

Filed:

          _____

                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This matter arises from a breach of contract action filed by James Welscott against Allstate, his auto insurer. Welscott was involved in a traffic accident in August 2011. He recovered $25,000 from the other driver's insurer and then sued Allstate seeking to recover underinsured motorist benefits under his own policy. The District Court conducted a jury trial in September 2015. The jury returned a special verdict finding that Allstate did not breach its contract with Welscott. Welscott appeals, contending that the District Court erred in submitting the special verdict form to the jury. We affirm.

¶3     Welscott does not explain his disagreement with the verdict form and there is no error apparent on the face of the document. While Welscott refers to his case as involving claims for insurance bad faith, he did not plead any such claim and did not submit any such claim to the jury. The record is clear that Welscott specifically agreed to the special verdict form proposed by the District Court. This Court generally does not consider issues that were not raised in the district court, and failure to object to a verdict form results in a waiver of the right to challenge it on appeal. *Ammondson v. Northwestern Corp.,* 2009 MT 331, ¶ 68, 353 Mont. 28, 220 P.3d 1.

2

¶4 Welscott has not presented any cogent argument that the District Court erred in any other manner. Specifically, we find no basis to disturb the District Court's award of costs to Allstate, and no basis to disturb the District Court's award of discovery sanctions against Welscott.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶6 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE